ANTHONY K. KOVALSKY, an Infant, by ANTHONY KOVALSKY His Guardian ad Litem, et al., Appellants, v. CITY OF WATERVLIET, Respondent.

ANTHONY KOVALSKY et al., Appellants, v. CITY OF WATERVLIET, Respondent.

Third Department, March 27, 1958.

*W. Joseph Shanley, James F. Carroll* and *Donald J. Shanley* for appellants.

*James S. Carter* for respondent.

BERGAN, J. Sixteenth Street in Watervliet runs for some distance in an east-west direction as a 60-foot roadway without a mall. Beginning near Eighth Avenue and continuing in an easterly direction, the center of Sixteenth Street is occupied by a 16-foot mall; the over-all 60-foot width of the street being unchanged and the roadway on each side of the mall being 22 feet wide. The curb of the mall is 10 to 12 inches above the roadway pavement.

On December 4, 1955 Anthony Kovalsky was driving his car easterly in Sixteenth Street. It was after dark; his headlights were on; the weather was damp and drizzly; one streetlight in the vicinity of Eighth Avenue was out. No warning sign or reflector indicated the presence of the mall.

The driver testified that as he looked ahead in the area where the mall was located it "looked flat and looked like the center was blacktopped" and he did not see the mall until within a few feet of it. Although his speed was not fast, he testified he could not then stop his car in time. It ran into the curb of the mall and he and his infant son were injured.

There is proof that hedges which had previously grown to a height of 3 to 4 feet on the mall had recently been cut down to 6 to 12 inches. In their actions against the city the plaintiffs undertook to show that the mall was not built or maintained in accordance with standard practice as to warning signs or reflectors. This proof was excluded on defendant's objection.

Plaintiffs also undertook to show the occurrence of other accidents at the mall, which was similarly excluded. At the conclusion of plaintiffs' case the complaints were dismissed and judgment of nonsuit entered.

If the conditions of location, height, color and visibility of the mall were such that danger to vehicles would be expected and in the exercise of reasonable care the presence of the mall should have been the subject of warning; and if maintenance was not in accordance with standard practice, and the city had notice of the danger by previous accidents coming to its attention, a prima facie case would, in our opinion, be made out.

The evidence offered should, therefore, have been received, and if it supported plaintiffs' contentions, the case should have gone to the jury. Whether, if there is a verdict for the driver, as distinguished from the infant passenger, such a verdict would be consistent with the weight of evidence on contributory negligence, is a question that does not now arise and would depend on the whole record then made if such a verdict is returned.

The judgments and orders should be reversed, on the law and the facts, and a new trial directed, with costs to appellants to abide the event.

FOSTER, P. J., COON and GIBSON, JJ., concur.

Judgments and orders reversed, on the law and the facts, and a new trial directed, with costs to appellants to abide the event.